UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHREE SHIVA, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF REDDING, et al.,<br><br>　　　　　　Defendants. | No. 2:21–cv–211–JAM–KJN<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANTS CITY OF REDDING AND JAMES RIGHT<br><br>(ECF No. 10.) |

On June 14, 2021, plaintiff Shree Shiva, LLC filed a motion for entry of default against defendants City of Redding and James Right, which was ultimately set for a July 29, 2021 hearing.[1] (ECF Nos. 10, 11.) Plaintiff asserts default should be entered against these two defendants because they failed to respond to the initial complaint by a May 5, 2021 stipulated deadline. (ECF No. 10.) However, as plaintiff recognizes, these two defendants responded to the complaint by filing a motion to dismiss. (ECF No. 7.) Plaintiff argues default should still be entered, however, as their motion to dismiss was untimely filed (on May 19) and defendants failed to request permission to file the motion after the deadline.

Plaintiff is correct that under Federal Rule of Civil Procedure 55(a), default may be entered against a party who fails to plead or otherwise defend in an action where an opposing

---

[1] This motion is referred to the undersigned by Local Rule 302(c)(19). See 28 U.S.C. § 636(b)(1)(B); Federal Rule of Civil Procedure 72.

1

party seeks a judgment for affirmative relief.  This entry of default would "cut[] off defendants' rights to appear in this action, file counterclaims, or to present a defense."  Great Am. Ins. Co. v. M.J. Menefee Const., Inc., 2006 WL 2522408, at *2 (E.D. Cal. Aug. 29, 2006).  However, given that defendants' motion to dismiss is currently pending before the district judge, and is set for an August 2021 hearing, it appears the defendants have some intent to defend against plaintiff's claims.  See Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956) (finding no abuse of discretion in denying plaintiff's motion to enter a default judgment after defendant failed to plead to plaintiff's complaint by the deadline); see also, e.g., Felts v. Cleveland Hous. Auth., 821 F. Supp. 2d 968, 979 (E.D. Tenn. 2011) (finding default judgment unwarranted, although answer was filed two weeks after court-ordered deadline, where there was no showing that defendant was prejudiced by late filing, and the answer set forth ample factual and legal allegations).  Thus, for the sake of judicial economy, the court denies plaintiff's motion for entry of default at this time.  See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (noting that a decision to grant or deny default lies within the district court's sound discretion, and that default judgments are ordinarily disfavored); see also Stephenson v. Lappin, 2007 WL 1577632, at *1 (E.D. Cal. May 31, 2007) (entry of default characterized as "non-dispositive").  Plaintiff may press its argument about the untimeliness of defendants' motion to dismiss before the district judge.  Should defendants be left without a response to plaintiff's complaint after resolution of the motion to dismiss, plaintiff may refile its motion for entry of default (addressed either to the undersigned or to the Clerk of Court).

**ORDER**

Accordingly, it is HEREBY ORDERED plaintiff's motion for entry of default (ECF No. 10) is DENIED WITHOUT PREJUDICE, and the hearing on this motion, currently scheduled for July 29, 2021, is VACATED.

Dated:  June 25, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD, shre.211