UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shree Shiva, LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>City of Redding, et al.,<br><br>            Defendants. | No.  2:21-cv-00211-JAM-KJN<br><br>**ORDER GRANTING DEFENDANTS CITY OF REDDING'S, JAMES WRIGHT'S, DEBORAH WRIGHT'S AND BRENT WEAVER'S MOTION TO DISMISS** |

I. ORDER

Plaintiff Shree Shiva LLC, the former owner of the Americana Lodge in Redding, brought this action against Defendants regarding the City's pursuit of nuisance abatement proceedings against the motel property.[1] See generally Compl., ECF No. 1. Specifically, Plaintiff brought claims for: (1) violation of its substantive due process rights; (2) violation of its equal protection rights; (3) an unconstitutional taking of its property; (4) fraud; and (5) punitive damages against all Defendants. Id. Additionally, Plaintiff brought a claim for breach of fiduciary duty against Defendant Richardson Griswold,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was scheduled for August 10, 2021.

1

who is not a part of the present motions. Id.  The City of Redding, James Wright, Debra Wright and Brent Weaver moved to dismiss all the claims against them.  See City's and James Wright's Mot to Dismiss ECF No. 7; Debra Wright's and Brent Weaver's Mot. to Dismiss, ECF No. 14.  Plaintiff filed oppositions to these motions.  See Opp'n to City's and James Wright's Mot., ECF No. 25; Opp'n to Debra Wright's and Brent Weaver's Mot., ECF No. 24.  However, all of Plaintiff's legal arguments exceeded the Court's page limit on opposition memoranda and the Court has not read or considered these arguments.  See id.; see also Order re Filing Requirements, ECF No. 3-2. Accordingly, these motions are treated as unopposed and the Court GRANTS Defendants City of Redding's, James Wright's, Debra Wright's and Brent Weaver's Motions to Dismiss.  The only question is whether Plaintiff should be given leave to amend.

The Court finds amendment would be futile for Plaintiff's federal claims since the statute of limitations has expired.  For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions.  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  California has a two-year statute of limitations for personal injury actions.  Cal. Civ. Proc. Code § 335.1.  Plaintiff's causes of action accrued on March 22, 2016, when the receiver took possession and control of the property.  See Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004) (explaining that federal law determines when a civil rights claim accrues and under federal law a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action); Compl. ¶ 75.  Plaintiff filed the

instant action on February 2, 2021, more than two years after the causes of actions accrued. See generally Compl. Thus, Plaintiff's § 1983 claims are time barred.

Amendment of Plaintiff's state law fraud claim is also futile as it is precluded by the California Government Claims Act. See Robinson v. Alameda County, 875 F.Supp.2d 1029, 1043 (N.D. Cal. 2012) ("Before a person can sue a [California] public entity or public employee for money damages for actions taken within the scope of the person's employment, he or she must first file a government claim pursuant to the CGCA.") Plaintiff effectively concedes this point and makes no argument that it can allege facts showing compliance. Tajeda-Puentes v. Count of Sacramento, No. 2:15-cv-00870-KJM-KJN, 2016 WL 1756958, at *2 (E.D. Cal. May 3, 2016) ("By not addressing an argument that a defendant raises in a motion to dismiss, a plaintiff implicitly concedes dismissal of its claim is appropriate.")

Because the Court finds amendment would be futile, the Court GRANTS Defendants the City of Redding's, James Wright's, Debra Wright's and Brent Weaver's Motions to Dismiss all claims against them WITH PREJUDICE. See Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1046 (9th Cir. 2006) (explaining a district court need not grant leave to amend where amendment would be futile).

IT IS SO ORDERED.

Dated: August 31, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE