UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHREE SHIVA, LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>CITY OF REDDING, ET AL.,<br><br>       Defendants. | No.  2:21-cv-00211-JAM-KJN<br><br>**ORDER GRANTING DEFENDANT GRISWOLD'S MOTION TO DISMISS** |

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND[1]

Plaintiff Shree Shiva LLC, the former owner of the Americana Lodge in Redding, brought this action against Richardson Griswold, among others, for his role as receiver in the nuisance abatement proceedings against the property. See generally Compl., ECF No. 1.  Specifically, Plaintiff alleged: (1) violation of its substantive due process rights; (2) violation of its equal protection rights; (3) an unconstitutional taking of its property; (4) fraud; and (5) punitive damages against the City of Redding, Debra Wright, James Wright, Brent Weaver, Building Adventures, Inc., Richardson

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for September 28, 2021.

1

1  Griswold and Does 1 to 100.  See generally id.  Additionally,
2  Plaintiff brought a claim for breach of fiduciary duty against
3  Richardson Griswold.  Id. at 29.  The Court previously granted
4  the City of Redding's, James Wright's, Deborah Wright's, and
5  Brent Weaver's motion to dismiss with prejudice all of
6  Plaintiff's claims against them.  See August 2021 Order, ECF No.
7  42.  Richardson Griswold ("Defendant") now moves to dismiss all
8  the claims against him.  See Griswold's Mot. to Dismiss ("Mot."),
9  ECF No. 37.  Plaintiff opposed this motion.  See Opp'n, ECF No.
10 43.  Defendant replied.  See Reply, ECF No. 44.  For the reasons
11 set forth below, the Court grants Defendant's motion and
12 dismisses all claims against him with prejudice.
13                        II.   OPINION
14    A.   Judicial Notice
15    Defendant requests the Court take judicial notice of seven
16 exhibits: (1) a January 22, 2016 Order on Receivership
17 Stipulation filed in State Court; (2) a September 24, 2018 Order
18 Discharging the Receiver filed in State Court; (3) a September
19 7, 2018 Ruling denying Bhupindrasinh Thakor and Sudhaben Thakor
20 permission to sue the receiver filed in the State Court action;
21 (4) the California Court of Appeal Docket confirming the
22 dismissal of Narendra Sharma's appeal regarding his request to
23 sue the receiver and file a separate action; (5) Narendra
24 Sharma's, as assignee of Shree Shiva, voluntary dismissal of
25 Richardson Griswold filed in the Federal Court case No. 2:19-cv-
26 00601-TLN-DB-PS; (6) Magistrate Judge Newman's March 27, 2020
27 Findings and Recommendation in the Federal Court case No. 2:19-
28 cv-1731-MCE-KJN; and (7) Judge England's Order Granting

1  Richardson Griswold's Motion to Dismiss Narendra Sharma's First
2  Amended Complaint with Prejudice on June 29, 2020.  Def.'s
3  Request for J. Notice ("RJN"), ECF No. 37-2.
4      These documents are all matters of public record and
5  therefore proper subjects of judicial notice.  See Lee v. City
6  of Los Angeles, 250 F.3d 688, 689 (9th Cir. 2001).  Accordingly,
7  the Court GRANTS Defendant's Request for Judicial Notice.  In
8  doing so the Court takes judicial notice only of their
9  existence, not any disputed or irrelevant facts within these
10 documents.  Id. at 689-90.
11     B.   Legal Standard
12     Federal Rule of Civil Procedure 12(b)(1) authorizes a
13 motion to dismiss for lack of subject matter jurisdiction.  Fed.
14 R. Civ. P. 12(b)(1).  When a motion is made pursuant to Rule
15 12(b)(1), the plaintiff has the burden of proving that the court
16 has subject matter jurisdiction.  Tosco Corp v. Cmtys. for a
17 Better Env't, 236 F.3d 495, 499 (9th Cir. 2001) overruled on
18 other grounds by Hertz Corp v. Friend, 559 U.S. 77 (2010).  "A
19 jurisdiction challenge under Rule 12(b)(1) may be made either on
20 the face of the pleadings or by presenting extrinsic evidence."
21 Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th
22 Cir. 2003).  In other words, a motion to dismiss for lack of
23 subject matter jurisdiction pursuant to Rule 12(b)(1) can be
24 facial or factual.  Safe Air for Everyone v. Meyer, 373 F.3d
25 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger
26 asserts that the allegations contained in a complaint are
27 insufficient on their face to invoke federal jurisdiction."  Id.
28 "Dismissal for lack of subject matter jurisdiction is

3

appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984-85 (9th Cir. 2008).

### C. Analysis

The Barton doctrine provides that "before suit can be brought against a court-appointed receiver, 'leave of the court by which he was appointed must be obtained.'" In re Crown Vantage, Inc., 421 F.3d 963, 970-71 (9th Cir. 2005) (quoting Barton v. Barbour, 104 U.S. 126, 127 (1881)). "[A] party must first obtain leave of the [appointing] court before it initiates an action in another forum" against a receiver. Id. at 970. This ensures the appointing court maintains appropriate control over the administration that is the subject of the receivership. See In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). If such leave is not obtained, then the other forum lacks subject matter jurisdiction over the suit. Barton, 104 U.S. at 127.

There are, however, two exceptions to the Barton doctrine. First, the Barton doctrine does not preclude suit where a court-appointed officer engages in conduct beyond his authority. See Leonard v. Vrooman, 383 F.2d 556, 560 (9th Cir. 1976). Second, a limited statutory exception exists under 28 U.S.C. § 959(a) where a court-appointed officer operates a business in a receivership or bankruptcy estate. See 28 U.S.C. § 959(a); see also In re Crown Vantage, Inc., 421 F.3d at 971-72. Plaintiff does not allege it received leave of the state court to sue the receiver. Instead, it contends it was not required to, as both

4

exceptions apply.  See Opp'n at 9-10.

First, under the ultra vires exception to the Barton doctrine, a plaintiff is not required to get leave from the appointing court to sue a receiver who acts in excess of his authority or in an unofficial capacity.  Leonard, 383 F.2d at 560.  This "exception, however, is a narrowly defined concept that applies only to actions which are completely outside the scope of a receiver's duties and responsibilities." Cox v. Mariposa Cty., No. 19-CV-01105-AWI-BAM, 2020 WL 1689706, at *6 (E.D. Cal. Apr. 7, 2020).  "It does not apply to claims brought against a receiver acting in its official capacity, even where the alleged wrongdoing involves civil rights violations, intentional torts or other egregious conduct."[2]  Id.

For example, in Leonard, the Ninth Circuit found a bankruptcy trustee had acted outside his authority when he forcibly took a third party's property that did not belong to the estate.  383 F.2d at 560.  Accordingly, the third-party did not need to seek leave of the Bankruptcy court before filing an action against the trustee.  See id. at 561.  Similarly, Barton itself stated that "if, by mistake or wrongfully, the receiver takes possession of property belonging to another, such person may bring suit therefore against him personally as a matter of right; for in such case the receiver would be acting ultra

---

[2] Plaintiff also claims to sue Defendant in his individual capacity.  But this it cannot do.  See Med. Dev. Int'l v. Cal. Dep't of Corr. & Rehab., 585 F.3d 1211, 1219 (9th Cir. 2009) (noting "actions against the receiver are in law actions against the receivership or the funds in the hands of receiver, and his contracts, malfeasances, negligences, and liabilities are official, and not personal").

5

vires." Barton, 104 U.S. at 134.

Here, contrastingly, the actions complained of by Plaintiff were taken by Defendant while overseeing the management and sale of the property of which he was appointed receiver. See Compl. ¶¶ 16, 70, 71, 75; RJN Ex 1. However wrongful Plaintiff contends his actions were, they plainly relate to the execution of his duties as receiver. See Cox, 2020 WL 1689706, at *6. Accordingly, the Court finds the ultra vires exception does not apply.

Second, the statutory exception to the Barton doctrine under 28 U.S.C. § 959(a) states that a receiver "may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property." It "is intended to permit actions—typically by third parties—redressing [wrongs] committed in furtherance of a business under the control of a receiver, bankruptcy trustee or other such court-appointed officer." Cox, 2020 WL 1689706, at *9. "By its terms, this limited exception applies only if the trustee or other officer is actually operating the business and only to acts or transactions in conducting the [] business in the ordinary sense of the words or in pursuing that business as an operating enterprise." In re Crown Vantage, 421 F.3d at 971-72 (internal quotation marks and citation omitted). Thus, section 949(a) does not apply where a receiver "acting in his official capacity conducts no business [. . .] other than perform administrative tasks necessarily incident to the consolidation, preservation and liquidation of" property. In Lehal Realty Assocs., 101 F.3d 272, 276 (2nd Cir.

6

1 | 1996).

2 | Here, again, Plaintiff's claims relate to Defendant's
3 | management and sale of the property as receiver, not for acts in
4 | pursuing the business as an operating enterprise.  For example,
5 | the Complaint alleges Defendant: failed to carry general
6 | liability insurance for the property; failed to pay contractors
7 | for their work in abating the nuisances; submitted a false
8 | report that the property was inspected; improperly used receiver
9 | funds; and conspired to sell the property to a company
10 | affiliated with Brent Weaver, the mayor, for a lower price.
11 | Compl. ¶¶ 16, 70, 71, 75.  None of these acts constitute the
12 | operations of a motel but rather relate to Defendant's duties to
13 | abate the property as receiver.  See Muratore v. Darr, 375 F.3d
14 | 140, 145 (1st Cir. 2004)(finding section 959(a) did not apply
15 | where the complaint alleged trustees misconduct in discharging
16 | his duties such as accounting for and sale of property, the
17 | filing of tax returns, and payment of taxes).  Accordingly, this
18 | statutory exception to the Barton rule does not apply.[3]

19 | As Plaintiff did not receive leave from the state court to
20 | sue Defendant, and neither exception applies, this Court is
21 | without jurisdiction mandating dismissal of all claims against
22 | Defendant.  See Barton, 104 U.S. at 137.  Additionally, "because
23 | all issues concerning the receiver's actions are fully
24 | adjudicated as part of the final accounting, it is well settled

---

[3] The Court also notes that there is doubt as to whether this exception even applies to state appointed receivers.  See e.g. Freeman v. Cty. of Orange, No. SACV 14-107-JLS (ANx), 2014 WL 12668679, at *4 (C.D. Cal. May 29, 2014); Republic Bank of Chicago v. Lighthouse Mgmt. Grp., Inc., 829 F. Supp. 2d 766, 773 (D. Minn. 2010).

the discharge order operates as res judicata as to any claims of liability against the receiver in his or her official capacity" warranting dismissal with prejudice. S. Cal. Sunbelt Devs., Inc. v. Banyan Ltd. P'ship, 8 Cal. App. 5th 910, 926 (2017); see also RJN Ex. 2.  Plaintiff's arguments to the contrary rest on a misunderstanding that res judicata can only bar claims actually raised and litigated. See Opp'n at 7.  However, res judicata precludes relitigation of not only claims previously raised but also those that could have or should have been raised.  DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 818 (2015) ("Claim preclusion, the primary aspect of res judicata, acts to bar claims that were, or should have been, advanced in a previous suit involving the same parties); see also Aviation Brake Sys., Ltd. v. Voorhis, 133 Cal. App. 3d 230, 235 (1982) (finding claims of receiver's misconduct and mismanagement of the estate were barred by res judicata because the claims could and should have been raised as objections to the receiver's final report and account).  Because the Court finds these reasons support dismissal with prejudice, it does not reach the parties other arguments.  See Mot. at 5, 8, 9, 12; Opp'n at 5, 6, 8, 9, 11-14.

                        III.  ORDER

For the reasons set forth above, the Court GRANTS Defendant Richardson Griswold's Motion to Dismiss all claims against him WITH PREJUDICE.

IT IS SO ORDERED.

Dated: November 24, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE