UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shree Shiva, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>City of Redding, et al.,<br><br>        Defendants. | No. 2:21-cv-00211-JAM-KJN<br><br>**ORDER GRANTING DEFENDANT BUILDING ADVENTURES INC.'S MOTION TO DISMISS** |

## I. ORDER

Plaintiff Shree Shiva, LLC, the former owner of the Americana Lodge in Redding, brought this action against Defendants City of Redding, Debra Wright, James Wright, Brent Weaver, Building Adventures, Inc. and Richardson C. Griswold, regarding the City's pursuit of nuisance abatement proceedings against the motel property.[1] See generally Compl., ECF No. 1. As relevant here, Plaintiff brought claims for: (1) violation of its substantive due process rights; (2) violation of its equal

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for January 25, 2022.

1

1  protection rights; (3) an unconstitutional taking of its
2  property; (4) fraud; and (5) punitive damages against all
3  Defendants.  Id.
4      The Court previously dismissed Plaintiff's claims against
5  Defendants the City of Redding, Debra Wright, James Wright, Brent
6  Weaver and Richardson C. Griswold.  See Order Granting Defendants
7  City of Redding's, James Wright, Deborah Wright's and Brent
8  Weaver's Mot. to Dismiss, ECF No. 42; Order Granting Defendant
9  Griswold's Mot. to Dismiss, ECF No. 58.  Building Adventures, the
10 entity that acquired the property following abatement, now moves
11 to dismiss all claims against it.  Mot. to Dismiss, ECF No. 56.
12 Plaintiff opposed this motion.  Opp'n, ECF No. 62.  Building
13 Adventures replied.  Reply, ECF No. 63.
14     Building Adventures first argues that Plaintiff does not
15 have standing to pursue the claims against it.  Mot. at 5-6.  To
16 satisfy Article III's standing requirements, "a plaintiff must
17 show (1) it has suffered an 'injury in fact' that is (a) concrete
18 and particularized and (b) actual or imminent, not conjectural or
19 hypothetical; (2) the injury is fairly traceable to the
20 challenged action of the defendant; and (3) it is likely, as
21 opposed to merely speculative, that the injury will be redressed
22 by a favorable decision."  Friends of the Earth, Inc. v. Laidlaw
23 Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000).  As the
24 party invoking federal jurisdiction, the plaintiff bears the
25 burden of establishing all three requirements are met.  Lujan v.
26 Defs. Of Wildlife, 504 U.S. 555, 561 (1992).
27 ///
28 ///

Building Adventures contends that Plaintiff has failed to satisfy the second prong of the standing analysis – causation. Mot. at 5-6. Specifically, Building Adventures argues Plaintiff's injury arises from the alleged wrongful taking of Plaintiff's property through the abatement process, which Building Adventures, who subsequently acquired the property, had no part. Id. at 6. Thus, Plaintiff's injury is not traceable to the actions of Building Adventure. Plaintiff, by failing to address this argument in opposition, concedes this point. See Ramirez v. Ghilotti Bros. Inc., 941 F.Supp.2d 1197, 1210 (N.D. Cal. 2013) (deeming argument conceded where the defendant failed to address it in opposition); see also Jenkins v. Cty. of Riverside, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005).

Accordingly, the Court GRANTS Building Adventures' Motion to Dismiss.[2] Plaintiff's claims against Defendant Building Adventures are dismissed WITH PREJUDICE as Plaintiff has not claimed it would be able to cure this deficiency with amendment. See In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 991 (9th Cir. 1999) (a complaint may be dismissed with prejudice where plaintiff fails to identify any additional facts they could allege to save their claim), superseded by statute on other grounds; see also Egan v. Schmock, 93 F.Supp.2d 1090, 1092 (N.D. Cal. 2000) (dismissal may be ordered with prejudice where amendment would be futile). Since all claims and Defendants have

---

[2] Having decided the motion on these grounds, the Court denies as moot Defendant's request for judicial notice. See Sikhs for Justice "SFJ", Inc. v. Facebook, Inc., 144 F.Supp.3d 1088, 1091 n.1 (denying as moot a request for judicial notice when the Court did not rely on the documents).

been dismissed the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: February 14, 2022

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE